# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALEJANDRA S. TAYLOR,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
SF-0831-15-0521-I-1

DATE: February 11, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rodelio V. Mendoza, Camarines Sur, Philippines, for the appellant.

Kristine Prentice, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) to deny her November 25, 2012 application for death benefits and a survivor annuity under the Civil Service Retirement System (CSRS). Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations,  section 1201.115  (5 C.F.R.  § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The following facts are undisputed.  The appellant's now-deceased husband ("annuitant") retired from the Federal service under CSRS in approximately 1991. Initial Appeal File (IAF), Tab 6 at 50-54.  When he retired, the annuitant elected an annuity benefit payable only during his lifetime with the consent of his then-wife.  *Id*. at 50, 53.  He divorced his spouse in 1998, and he married the appellant on February 18, 1999.  *Id*. at 9, 25.  The annuitant contacted OPM in 2005 and attempted to elect a survivor annuity for the appellant.  *Id.* at 43, 49-50. OPM issued a decision on November 25, 2005, denying the annuitant's request as untimely filed because he failed to notify OPM of his election within 2 years of his marriage to the appellant as required by law.  *Id.* at 40.  Although OPM advised the annuitant of his right to request reconsideration, there is no evidence that he requested reconsideration before his death on April 23, 2006.  *Id*. at 4, 10, 40.

¶3        After the annuitant's death, the appellant filed an application for benefits based on her late husband's Federal service.  *Id*. at 19-23, 32-38.  On February 14, 2013, OPM denied the appellant's application for survivor annuity

benefits because OPM did not receive a signed writing from her late husband electing a survivor annuity within 2 years of their marriage.[2] *Id.* at 14. OPM's February 14, 2013 letter did not advise the appellant she could request reconsideration. The appellant filed an appeal with the Board challenging OPM's decision to deny her application for a survivor annuity, and she waived her right to hearing. IAF, Tab 1 at 2, 5. OPM filed a motion to dismiss the appeal because it had not yet issued a final decision on this matter. IAF, Tab 6.

¶4 The administrative judge found that the Board had jurisdiction over the appeal and affirmed OPM's decision. IAF, Tab 13, Initial Decision (ID) at 1, 3, Tab 10 at 2. In relevant part, the administrative judge found that, although OPM's representative asserted that OPM would issue a final decision, OPM had failed to submit evidence indicating that it would issue a final decision in this matter. IAF, Tab 10 at 2. Further, in the initial decision, the administrative judge found that OPM proved that it sent the annuitant annual notice of the requirements for electing a survivor annuity, and that preponderant evidence showed that he failed to make a timely election of a survivor annuity for the appellant. ID at 4-6. The administrative judge also found that none of the bases for waiving a filing deadline prescribed by statute or regulation applied in the appellant's case, and that the Board had no authority to grant the appellant's request to waive the filing deadline for good cause. ID at 4, 6-7. The appellant filed a petition for review, and OPM responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 4.

¶5 The burden of proving entitlement to a survivor annuity, by a preponderance of the evidence, is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986). Pursuant to 5 U.S.C. § 8341(b)(1), the "widow" of an employee who retired under

[2] In the February 14, 2013 decision letter, OPM also denied the appellant's claim for death benefits on the ground that she already received her lump sum death benefit. IAF, Tab 6 at 14.

CSRS is entitled to a survivor annuity unless the right to a survivor annuity was waived under 5 U.S.C. § 8339(j)(1) or, in the case of remarriage or post-retirement marriage, the employee did not file a timely election under 5 U.S.C. §§ 8339(j)(5)(C)(i) or 8339(k)(2).

¶6        OPM has a statutory obligation to notify each annuitant annually of the requirements under 5 U.S.C. § 8339(j) for electing a survivor annuity benefit. *Allen v. Office of Personnel Management*, 99 M.S.P.R. 653, ¶ 6 (2005).  OPM also bears the burden of proving that the notice was sent.  *Nunes v. Office of Personnel Management*, 111 M.S.P.R. 221, ¶ 20 (2009).  When an appellant makes a nonfrivolous allegation that OPM has failed to send the required statutory notice, the burden of production falls to OPM.  *Id.*  OPM bears the ultimate burden of persuasion on the issue of whether it sent the notice.  *Id.*  OPM is required to show beyond making a bare allegation that it actually sent the notice, and it must offer proof of the contents of the notice.  *Id.*  If OPM can establish through credible evidence that it is more probable than not that it sent the notice, the burden of going forward falls upon the appellant, who must put forth credible testimony or other evidence tending to support his contention that he did not receive the notice.  *Id.*  The Board then must decide whether to credit the appellant's testimony and whether such testimony overcomes the presumption that he received the notice.  *Id.*

¶7        To show that it has fulfilled this mandatory notice obligation, OPM must prove that it actually sent the required notice and prove that the content of the notice was adequate to inform the annuitant of the specific election requirements under sections 8339(j) and (k)(2).  *Allen*, 99 M.S.P.R. 656, ¶ 7.  In determining whether the content of OPM's annual notices to an annuitant adequately informed him of his election rights, the Board looks to the notice sent immediately after the event that would result in his election decision.  *Id.*, ¶ 9.  If OPM does not provide an annuitant with sufficient notice, OPM cannot deny a survivor annuity based on the annuitant's failure to make a timely election under section 8339(j) if

the annuitant adequately manifested the intent to provide the survivor annuity in question. *Id.*

¶8 The appellant argues on review that OPM failed to provide sufficient evidence that it sent the required annual notice of election to the annuitant. PFR File, Tab 1 at 4. We disagree. The record reflects that OPM submitted an affidavit from the employee who administered the contract for the printing and distribution of retirement forms and explained how the annual notices were prepared and sent to annuitants during the relevant period. IAF, Tab 12 at 6. In her affidavit, the administrator swore that a contractor for OPM sent the legally required notices concerning survivor elections to all annuitants at their correspondence addresses listed on the master annuity roll in September 1989 and 1990, and every December from 1991 through 2000. *Id.* The record also included OPM's submission of the December 1999 and 2000 notices, which is the relevant period in this case. *Id.* at 8-11. In both notices, OPM included language specifically informing annuitants of their eligibility to elect a survivor annuity for spouses married after retirement by sending a signed request to OPM within 2 years of marriage. *Id.* at 9, 11.

¶9 Based on the foregoing, we find that OPM's submissions satisfied the standards established by our reviewing court in *Brush* and *Schoemakers*. *See Brush v. Office of Personnel Management*, 982 F.2d 1554, 1560-61 (Fed. Cir. 1992); *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1380-81 (Fed. Cir. 1999). We therefore find that OPM has met its burden of proving that it is more probable than not that the annual notices were sent to the annuitant during the period when he could have elected a survivor annuity following his marriage to the appellant. Because OPM met its initial burden of proof on that issue, the burden shifted to the appellant to produce credible testimony or other evidence that the annuitant did not receive the annual notice. *See Brush*, 982 F.2d at 1561. Although on review the appellant reasserts her argument that OPM failed to prove that it sent the required annual notices, we agree with the

administrative judge's finding that the appellant's general argument does not constitute credible evidence sufficient to overcome the presumption that the annuitant received the annual notices sent by OPM.  PFR File, Tab 1 at 4-5; ID at 6.

¶10      On review, the appellant also asks the Board to waive the filing deadline because the annuitant was mentally incompetent during the filing period.  PFR File, Tab 1 at 5.  Regardless of the annuitant's mental status during the election period, the Board has no authority to ignore the statutory 2-year window during which a recently married retiree may elect a survivor annuity.[3]  *See* 5 U.S.C. § 8339(k)(2)(A); *Schoemakers*, 180 F.3d at 1382 (finding that Congress did not intend to permit waiver of the 2-year filing requirement for a survivor annuity because of the annuitant's mental condition).  We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

---

[3] The appellant submitted medical documentation on appeal showing that her late husband had several medical conditions, but that evidence does not reflect any diagnosed mental condition.  IAF, Tab 11 at 7-17.

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.